**CHILDRESS & JACKSON, LLC**
280 South Harrison Street, Suite 200
East Orange, New Jersey 07018
(973) 678.5038
**Attorneys for Plaintiff, Trace Morris**
LWC/dn #9149

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRACE MORRIS,

        Plaintiff,

vs.

CITY OF NEWARK, CITY OF NEWARK
POLICE DEPARTMENT, POLICE
OFFICER JEFFREY BOUIE, POLICE
OFFICE RONALDBERNARD, DETECTIVE
MARC GARRETT, SGT. DUNSON and
JOHN DOE, 1 through 20, (fictitious names,
true identities presently unknown, of NEWARK
POLICE OFFICERS or other employees,
agents and/or representatives of the
NEWARKPOLICE DEPARTMENT
and/or the CITYOF NEWARK), all in their
official and individual capacities, individually,
jointly and severally,

        Defendants.

09-4561 (JLL)

**COMPLAINT AND
JURY TRIAL DEMANDED**

Trace Morris residing, in the City of East Orange, State of New Jersey by way of Complaint says:

**<u>JURISDICTION AND VENUE</u>**

    1.    This action is brought for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 1988 for violations of plaintiff's Civil

Rights, as secured by federal statutes and the Constitution of the United States. Jurisdiction is founded on 28 U.S.C.A. §§ 1331 and 1343. Plaintiff further invokes the pendent and supplemental jurisdiction of this court to decide claims arising under state law pursuant to 28 U.S.C. §1367. Plaintiff asserts that the defendants do not have immunity for violating the civil rights of citizens. This court is, therefore, vested with jurisdiction over all claims asserted herein.

Venue is laid in the District Court of New Jersey under 28 U.S.C. § 1391(b) as this claim arises in that District.

## THE PARTIES

2. Defendants, Jeffrey Bouie, Leonard Breaux, Ronald Bernard, Detective Marc Garrett at all times relevant were employed as police officers for the defendant, City of Newark and the Newark Police Department. Each defendant is being sued in his official and individual capacity.

3. All of the unlawful acts of the defendants alleged herein were committed by the said defendants while acting within the scope of employment with the defendants, City of Newark and the Newark Police Department and under color of State law.

4. Defendant, City of Newark, ("the City") is a Municipal Corporation and political subdivision of the State of New Jersey and is organized under the laws of the State of New Jersey.

5. Defendant, Newark Police Department ("NPD") is a department or subdivision of the City of Newark and authorized to perform all functions of a police department

6. Defendants, John Doe 1 through 20, are fictitious names of other Newark Police Officers, employees, agents or representatives who participated in any way in the detention, arrest, and/or assault and battery of plaintiff, were responsible for the hiring, training, supervision, and/or retention of Defendants; were responsible for the communication of the anonymous tip from headquarters to patrol or from police officer to police officer; and/or were responsible for any other act or acts alleged in this Complaint.

All defendants identified or to be identified aided and abetting and /or conspired with each other to deprive plaintiff of his rights, under the laws of the United States and the State of New Jersey. The designation "Defendants," refers to defendants named and unnamed, including, John Does 1 through 20.

## FACTUAL BACKGROUND

7. Plaintiff is a citizen of the United States and at the time of the incident resided at 67 Munn Avenue, East Orange, New Jersey.

8. On September 6, 2007, in the evening, plaintiff was walking in the vicinity of South Orange Avenue in the City of Newark, County of Essex, State of New Jersey.

9. At or about the same time, Police Officer Jeffrey Bouie, Leonard Breaux, Sgt. Dunson, Police Officer Ronald Bernard and Detective Mark Garrett appeared at the location allegedly for the purpose of arresting the plaintiff.

10. Based upon information and belief the Defendant, Police Officer s were dispatched to 1003 South Orange Avenue, based upon reported drug activity.

11. Thereafter, at the aforesaid time and place, plaintiff without sufficient legal cause or excuse was viciously assaulted and battered by the Defendant Police Officers of the Newark Police Department by punching him into a state of unconsciousness, which beating resulted in severe and permanent debilitating spinal chord injuries, and paralysis requiring emergency surgery. Plaintiffs' rights were violated under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1986.

12. At no time was plaintiff armed with a gun or any other weapon; at no time did plaintiff act in a manner which caused said Defendants to fear for their physical safety or their lives, and at no time did plaintiff resist detention, arrest or to be searched.

13. Although, defendants initially alerted medical authorities to attend to the plaintiff he was subsequently thrown into a jail cell in Newark where the defendants deliberately ignored his cry for medical assistance. Unable to ambulate due to the severe injuries sustained he was caused to lie on his stomach for three (3) days during which time he defecated and urinated on himself.

## FIRST COUNT
### (Deprivation of Rights - Excessive Force)

14. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 14 as if fully set forth herein at length.

15. On September 6, 2007 defendant, Police Officer Jeffery Bouie and the other defendants approached plaintiff without identifying himself and savagely assaulted the plaintiff while the other defendants including officers yet to be named refused to intervene.

Defendants actions were objectively unnecessary, and unreasonable and violated plaintiff's constitutional right to be free from excessive force and injury.

16. The aforesaid malicious and inhuman acts violated plaintiff's rights as guaranteed by the Fourth, Eighth and Fourteenth Amendment to the United States Constitution, 42 U.S.C. §§ 1983 and 1986 and the New Jersey Constitution and other laws and statutes.

17. As a direct and proximate result of the defendants' use of excessive force without reason or justification, plaintiff was seriously and permanently injured and maimed about his body; suffered and continues to suffer great psychological trauma, pain and injury; suffered great mental anguish; was denied medical treatment, was subsequently hospitalized; underwent major surgery at great expense, and required to procure medical services and supplies to affect a cure for the injuries; was permanently impaired; and will be compelled to expend further time and effort in obtaining medical treatment.

**WHEREFORE,** the plaintiff demands judgment against all defendants collectively and individually for compensatory and punitive damages, including attorney fees, together with interest and costs of suit and such other relief as the court may deem just and proper

## SECOND COUNT
### (Negligence)

18. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 17 as if fully set forth at length herein.

19. Defendants actions were negligent, reckless and/or grossly negligent in performing their duties which inured to the detriment of plaintiff who was in their care, custody and control.

20. As a direct and proximate result of said defendants' negligence, recklessness or gross negligence, the plaintiff was seriously and permanently injured and maimed about the head and spinal chord; suffered/suffers great mental and emotional pain; which necessitated spinal chord surgery, medical services and supplies to effect a cure for the injuries; and will be requires to further undergo rehabilitative therapy and physical manipulation in order to moderately ambulate from place to place.

**WHEREFORE**, the plaintiff demands judgment against all defendants collectively and individually for compensatory and punitive damages, including attorney fees, together with interest and costs of suit and such other relief as the court may deem just and proper.

## THIRD COUNT
### (Deliberate Indifference)

21. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 20 as if fully set forth herein at length.

22. Defendants individually jointly and severally, while acting under color of State Law own urine, refused plaintiff medical attention ignored the fact of his paralysis forcing him to lie in his own urine and feces all the while refusing medical attention and treatment without legal justification.

23. Plaintiff did not possess a gun or a weapon, of any kind did not threaten defendants or anyone with bodily injury.

24. Defendants collectively and individually engaged in conduct that constituted a custom, practice policy or regulation of the City of which was deliberately indifferent to plaintiff.

25. Defendants deprived plaintiff of his rights and used the criminal justice system against plaintiff in order to intimidate and dissuade plaintiff from asserting his rights and to cover up their own wrong doings, in an effort to avoid civil and criminal liability for their improper and illegal acts.

26. Defendants, knowingly or through deliberate indifference failed to discipline sanction or retrain defendant, Jeffrey Bouie and the other defendants despite this officer's propensity for excessive force in making arrests.

**WHEREFORE,** the plaintiff demands judgment against all defendants collectively and individually for compensatory and punitive damages, including attorney fees, together with interest and costs of suit and other such relief as the court may deem just and proper.

## FOURTH COUNT
### (Intentional Infliction of Emotional Distress)

27. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 26 as if same were fully set forth herein at length.

28. Defendants herein intentionally assaulted, battered, handcuffed and verbally abused plaintiff without just cause. Said acts and others described in this Complaint, were extreme outrageous and shocking to the conscience.

29. As a direct and proximate result of the acts alleged herein, plaintiff was caused and will continue in the future to experience pain and suffering and permanent physical, mental and emotional injury. Furthermore, as a result of said acts by defendants, plaintiff has incurred and will continue to incur significant medical expenses.

**WHEREFORE,** the plaintiff demands judgment against all defendants collectively and individually for compensatory and punitive damages, including attorney fees, together with interest and costs of suit and other such relief as the court may deem just and proper.

## FIFTH COUNT
### (Negligent Training and Supervision)

30. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 29 as if fully set forth at length herein.

31  Defendants, City of Newark and Newark Police Department, directly and through its various departments, employees and agents were responsible for the hiring, training, supervision, retention and conduct of all defendants herein.

32.  Defendants, City of Newark and Newark Police Department failed to exercise due care in the hiring and retention of police officers or other employees, representatives or agents named or described herein, and failed to properly and adequately train, supervise, or retrain said defendants.

33.  As a direct and proximate result of the aforementioned negligent, gross negligent and/or reckless hiring training, supervision and retention, the plaintiff was maliciously assaulted and battered about the face and body; permanently and severely injured; incurred/incurs pain and suffering; prevented from attending to necessary business affairs.

**WHEREFORE,** the plaintiff demands judgment against all defendants collectively and individually for compensatory and punitive damages, including attorney fees, together with interest and costs of suit and other relief as the court may deem just and proper.

## SIXTH COUNT
### (42 U.S.C. §§ 1983 and 1986 et seq.)

34.  Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 33 as if fully set forth at length herein.

35.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1986 and 1988 and the First, Fifth and Fourteenth Amendment to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343 (1), (2), (3), (4) and the aforementioned statutory and constitutional provisions.

36.  Defendants, at all times herein mentioned were acting under color of state law as employees, representatives or agents of the defendants, City of Newark and Newark Police Department.

37.  The defendant, City of Newark, through its various departments and subdivisions, including the defendant, Newark Police Department, employed and was

ultimately responsible for the hiring, training supervision, retention and conduct of said defendants, as more fully set forth herein. Said defendants are responsible for enforcing the rules and regulations of the police department and for ensuring that said police officers obey the laws of the State of New Jersey and the United States.

38. Plaintiff was a victim of summary punishment at the hands of defendant police officers. The punishment administered was grossly disproportionate to whatever, plaintiff's acts may have been and constituted cruel and unusual punishment, and deprived him of his rights to due process of law under the laws and constitution of the United States, in particular the Fourth, Eighth, and Fourteenth Amendments thereof. The vicious assault and battery and infliction of emotional distress, and other acts herein described, by the aforementioned police officers were unwarranted, cruel, inhuman, unjustifiable and excessive.

39. As a further result of the above described acts, plaintiff was deprived of his rights and immunities secured under the Constitution and laws of the United States and of the State of New Jersey, including but not limited to, their rights under the Fourth and Fourteenth Amendment.

40. As a direct and proximate result of the acts detailed, supra; plaintiff has suffered serious physical injury, permanent injury; and grievous mental and emotional trauma and pain and suffering, all in violation of 42 U.S.C. §§ 1983 and 1986, and the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

41. The failure of the defendants, City of Newark and the Newark Police Department to properly hire with due care the police officers herein and properly and adequately provide training and supervision regarding the lawful use of force including deadly force amounts to gross negligence and deliberate indifference to plaintiffs' life.

**WHEREFORE**, the plaintiff demands judgment against all defendants for compensatory and punitive damages, including attorney fees, together with interest and costs of suit and such other relief as the court may deem just and proper.

## SEVENTH COUNT

### (Section 1983 Conspiracy)

42. Plaintiff incorporate by reference the allegations contained in Paragraphs 1 through 41 as if same were fully set forth herein.

43. Defendants conspired to violate plaintiffs' constitutional rights as set forth herein. While finally being treated at University Hospital for his injuries, plaintiff heard the arresting officers rejoicing and laughing about plaintiff's injury stating "we f_ _ _ him up."

44. Defendants conspired and acted in bad faith in violation of 42 U.S.C. §§ 1983 and 1986; and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of New Jersey.

45. As a direct and proximate result of the acts alleged therein, plaintiff was caused and will continue in the future to be caused to experience pain and suffering and permanent physical, mental and emotional injury.

**WHEREFORE,** the plaintiff demand judgment against all defendants for compensatory and punitive damages, including attorney fees, together with interest and costs of suit and such other relief as the court may deem just and proper.

## EIGHTH COUNT

### (Respondent Superior Liability)

46. Plaintiff incorporate by reference the allegations contained in Paragraphs 1 through 45 as if same were fully set forth herein.

47. At all times herein mentioned defendants were acting under color of sate law as police officers and employees of the defendants, Newark Police Department and /or the City of Newark Police Department.

48. The Newark Police Department and the City of Newark Police Department are therefore responsible and liable for the acts of its employees, agents and representatives under the principle of respondent superior as committed within the scope of their employment.

49. As a direct and proximate result of the acts alleged herein, plaintiff was caused and will continue in the future be caused to experience pain and suffering and permanent physical, mental and emotional injury. Furthermore, as a result of said acts by defendants, plaintiff has incurred and will

continue to incur significant medical expenses.

**WHEREFORE,** the plaintiff demands judgment against all defendants for compensatory and punitive damages, including attorney fees, together with interest and costs of suit and other relief as the court may deem just and proper.

## NINTH COUNT
### (Failure to Intervene)

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph 1 through 49 with the same force and effect as if fully forth herein.

51. Defendants had an affirmative duty to intervene on behalf of plaintiff whose constitutional rights were being violated in the presence of other officers.

52. The defendants failed to intervene to prevent the unlawful conduct described herein.

53. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of this safety, and was humiliated and subjected to violations of his state and federal rights.

## TENTH COUNT
### (Municipal Liability)

54. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 53 if same were fully set forth herein.

55. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that contained a custom, usage, practice, procedure or rule of the respective municipality/authority which is forbidden by the Constitution of the United States.

56. The aforementioned customs, policies usages, practices, procedures and rules of the City and Police Department included, but were not limited to, assaulting and battering

individuals suspected of crimes, without due process. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, retraining and supervising its employees, which was the moving force behind the violation of plaintiff rights as described herein. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of the defendants constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff and were the direct and proximate cause and the moving force of the constitutional violated suffered by plaintiff as alleged herein.

58. Defendants, collectively and individually were directly and actively involved in violating plaintiff's constitutional rights.

**WHEREFORE,** plaintiff demands judgment against all defendants City of Newark and the Newark Police Department for compensatory and punitive damages, including attorneys fees, together with interest and costs of suit and such other relief as the court deems just and proper.

## ELEVENTH COUNT
### (Attorney Fees)

59. Plaintiff incorporates by reference the allegations contained in Paragraph 1 through 58 as if same were fully set forth herein.

60. Plaintiff alleges that the facts set forth herein above support a cause of action to enforce 42 U.S.C. 1983, et seq., and as such plaintiff is entitled to attorney fees from defendants pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** the plaintiff demands judgment against all defendants for compensatory and punitive damages, including attorney fees, together with interest and costs of suit and such other relief as the court may deems just and proper.

>CHILDRESS & JACKSON, LLC
>Attorneys for Plaintiff, Trace Morris
>
>BY: /s/ Louis W. Childress, Jr.
>LOUIS W. CHILDRESS, JR.

DATED: September 3, 2009

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

### CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned attorney for the plaintiff, Trace Morris hereby certifies that to the best of his knowledge and belief the matter in controversy is not the subject of any other action pending in any court nor is the matter pending arbitration or administrative proceedings.

>CHILDRESS & JACKSON, LLC
>Attorneys for Plaintiff, Trace Morris
>
>BY: /s/ Louis W. Childress, Jr.
>LOUIS W. CHILDRESS, JR.

DATED: September 3, 2009